IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEMETRISS SANTELL POTTS, | ) | |
| Reg. No. 13850-002, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:20-CV-411-MHT-WC |
| | ) | [WO] |
| WARDEN, USP COLEMAN I,[1] | ) | |
| | ) | |
| Respondent. | ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner, Demetriss Potts ("Potts"), is an inmate incarcerated at the U.S. Penitentiary in Coleman, Florida, serving a sentence imposed by this court on October 15, 2012. Potts was sentenced to a total term of 211 months' imprisonment following his plea of guilty to Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and Possession of a Firearm in Furtherance of Drug Trafficking in violation of 18 U.S.C. § 924(c)(1)(A). *See United States v. Potts,* 2:12-CR-007-MHT (M.D. Ala. 2012).

In his § 2241 petition, Potts contends the Federal Bureau of Prisons ("BOP") has improperly denied him prior-custody credit against his federal sentence for time spent in state custody under the terms of the sentence imposed on him by this court. Doc. 2. Potts, therefore, argues the BOP has failed to credit him with all the jail credit to which he is entitled. *Id.* Upon

---

[1] The Warden of USP Coleman I, as custodian, is the proper respondent to a petition filed under 28 U.S.C. § 2241. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242) (finding "the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'").

review of Potts' claims, the court concludes that his § 2241 petition should be transferred to the United States District Court for the Middle District of Florida under 28 U.S.C. § 1631.[2]

## I.  DISCUSSION

A federal prisoner challenging the manner, location, or conditions of the execution of a sentence must do so through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1092–93 (11th Cir. 2017) (explaining a federal prisoner may challenge the deprivation of good-time credits in a § 2241 petition); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008) (finding that challenges to execution of sentence are properly brought under § 2241); *Williams v. Pearson*, 197 F. App'x. 872, 876 (11th Cir. 2006) (holding a petitioner's challenge to the execution of his sentence is properly considered under 28 U.S.C. § 2241, the general habeas statute); *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000) (recognizing that claims for jail time credit are properly raised in a habeas petition under § 2241).

"Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991); *United States v. Plain*, 748 F.2d 620, 621 (11th Cir. 1984). The immediate custodian is the proper party respondent in a habeas case under § 2241. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).

Potts is incarcerated at USP Coleman I in Coleman, Florida, which is in Sumter County, Florida, which is within the jurisdiction of the United States District Court for the Middle District of Florida. See 28 U.S.C. § 89(b).

> "District courts are limited to granting habeas relief 'within their respective jurisdictions.' 28 U.S.C. § 2241(a). We have interpreted this language to require

---

[2] Potts has not submitted the applicable filing fee nor an application for leave to proceed *in forma pauperis*. However, the court finds assessment and collection of any filing fee should be undertaken by the United States District Court for the Middle District of Florida.

> 'nothing more than that the court issuing the writ have jurisdiction over the custodian.' *Braden [v. 30th Judicial Circuit Court of Ky.*], 410 U.S. [484], at 495, 93 S.Ct. 1123 . . . [(1973)]. Congress added the limiting clause—'within their respective jurisdictions'—to the habeas statute in 1867 to avert the 'inconvenient [and] potentially embarrassing' possibility that 'every judge anywhere [could] issue the Great Writ on behalf of applicants far distantly removed from the courts whereon they sat.' *Carbo v. United States*, 364 U.S. 611, 617, 81 S.Ct. 338, 5 L.Ed .2d 329 (1961). Accordingly, with respect to habeas petitions 'designed to relieve an individual from oppressive confinement,' the traditional rule has always been that the Great Writ is 'issuable only in the district of confinement.' *Id*. at 618, 81 S.Ct. 338."

*Rumsfeld*, 542 U.S. at 442.

Because Potts is incarcerated at USP Coleman I, this court cannot consider his petition for writ of habeas corpus under 28 U.S.C. § 2241. Under 28 U.S.C. § 1631, a federal court that finds it cannot entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed. 28 U.S.C. § 1631. "Section 1631 is analogous in operation to 28 U.S.C. §§ 1404(a) and 1406(a), which allow a district court to transfer a case if either venue is lacking and transfer would be 'in the interest of justice' (section 1406(a)) or for the convenience of the parties and witnesses if it would serve the interest of justice (section 1404(a))." *Middlebrooks v. Smith*, 735 F.2d 431, 432 (11th Cir. 1984). Because Potts is proceeding *pro se* and seeks habeas corpus relief, the court finds it is in the interest of justice to transfer this case to the United States District Court for the Middle District of Florida for review and determination.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be TRANSFERRED to the United States District Court for the Middle District of Florida under 28 U.S.C. § 1631.

The Clerk is DIRECTED to take all necessary steps to amend the court docket to reflect the Warden of USP Coleman I is the proper respondent.

It is further

ORDERED that **on or before July 10, 2020**, the parties may file objections to the Recommendation. The parties are advised that they must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are also advised that Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 26th day of June, 2020.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE